UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**TARIQ MUHAMMAD,**                                   Chapter 7
    Debtor                                            Case No. 09-10136-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**JOSEPH BRAUNSTEIN,**
**CHAPTER 7 TRUSTEE**
v.                                                    Adv. P. No. 10-1258
**KELVIN SANDERS, INDIVIDUALLY and**
**D/B/A PYRAMID INVESTMENT GROUP;**
**IRIS SANDERS; SUNI MUHAMMAD, D/B/A**
**PRESTIGE REALTY, LLC; SUNI MUHAMMAD,**
**D/B/A PHOENIX STRATEGIC INVESTMENTS, LLC;**
**PRESTIGE REALTY, LLC and PHOENIX**
**STRATEGIC INVESTMENTS, LLC**,
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is "Defendants Kelvin and Iris Sanders' Motion to Set Aside Default Judgment." The Plaintiff, Joseph Braunstein, the Chapter 7 Trustee of the Estate of Tariq Muhammad (the "Trustee"), filed an Objection to the Motion. The Court heard the Defendants' Motion and the Trustee's Objection on March 15, 2011. For the reasons set forth below, the Court shall enter an order denying the Defendants' Motion.

1

## II. PROCEDURAL BACKGROUND

The Trustee filed a Complaint against Kelvin Sanders, Individually and d/b/a Pyramid Investment Group, and Iris Sanders (the "Defendants") and others on September 20, 2010, seeking to avoid and recover a series of fraudulent transfers undertaken by or on behalf of the Debtor, Tariq Muhammad (the "Debtor"). The Trustee alleged that the transfers depleted over $800,000 of liquid assets which would otherwise have been available to the bankruptcy estate for distribution to creditors. Through his Complaint, the Trustee formulated 15 counts, of which Counts X through XV pertained to the Defendants. Pursuant to Count X, the Trustee stated causes of action against Iris Sanders for actual and constructive fraudulent transfers under 11 U.S.C. §§ 548 and 550. Pursuant to Count XI, he stated causes of action against her for actual and constructive fraudulent transfers pursuant to Mass. Gen. Laws ch. 109A, §§ 5 and 8 and 11 U.S.C. §§ 544 and 550; and pursuant to Count XII, he stated causes of action against her under Mass. Gen. Laws ch. 109A, §§ 6 and 8 and 11 U.S.C. §§ 544 and 550. The Trustee stated similar causes of action against Kelvin Sanders, d/b/a Pyramid Investments in Counts XIII, XIV and XV. He sought judgment against Iris Sanders in the amount of $87,000 and against Kelvin Sanders in the amount of $600,037.77.

On the same day he filed his Complaint, the Trustee filed a Motion for Approval of Attachments of Real Estate as to Kelvin and Iris Sanders, pursuant to which he sought to attach real estate standing in the name of Kelvin Sanders in the amount of $600,000 and real estate standing in the name of Iris Sanders in the amount of $87,000. The Trustee

supported his Motion with an Affidavit and sought an expedited hearing with respect to the relief he requested.

The Court granted the Trustee's Motion for Expedited Hearing on his Motion for Approval of Real Estate Attachments and scheduled a hearing for September 22, 2010. On September 21, 2010, the Trustee served the Defendants with notice of the hearing on the Motion for Approval of Real Estate Attachments by first class mail, return receipt requested, and he served Iris Sanders in hand at the residence she shares with her husband located at 95 Tonawanda Street, Dorchester, Massachusetts.[1]

Neither of the Defendants appeared at the September 22, 2010 hearing. The Court granted the Trustee's Motion, noting that counsel to the Trustee represented in open court that service of notice of the hearing was made on September 21, 2010. The Court found, based upon the Affidavit submitted on the Trustee's behalf, a review of the Complaint, and the documents filed in the Debtor's Chapter 7 case, that the Trustee had established a likelihood of success on the merits of his Complaint and that he would likely recover judgment against the Defendants, as well as irreparable harm to the estate if prejudgment security was not obtained.

On September 30, 2010, the Trustee filed executed summonses establishing that the summons and Complaint were timely and properly served on both of the Defendants. The Defendants did not respond to the Trustee's Complaint by the answer date of October 21,

---

[1] The certificate of service evidencing service of notice of the hearing was filed on September 23, 2010.

3

2010.

On October 28, 2010, the Trustee requested the entry of defaults against the Defendants pursuant to Fed. R. Bankr. P. 7055, which makes Fed. R. Civ. P. 55(a) applicable to adversary proceedings. The Trustee served the Defendants with the "Request for Entry of Default" by first class mail, postage prepaid on November 1, 2010. The Defendants did not file an objection or response to the Trustee's Request. The Court granted the Trustee's Request and, on November 17, 2010, the clerk entered defaults against the Defendants.

On December 6, 2010, the Trustee filed a Motion for Entry of Separate and Final Default Judgment as to Kelvin Sanders, Individually and d/b/a Pyramid Investment Group, and Iris Sanders, supported with an Affidavit of his counsel. The Trustee served the Defendants by first class mail, postage prepaid, at their Tonawanda Street address. The Defendants did not file an Objection to the Motion. On September 23, 2010, the Court granted the Motion and directed the Trustee to submit a proposed form of judgment. On January 3, 2011, the Court entered judgment against Iris Sanders in the amount of $87,000 and against Kelvin Sanders in the amount of $600,037.77. The Court served the Defendants with the Judgment on January 4, 2011.

On January 10, 2011, over a month after the filing of the Motion for Entry of Separate and Final Default Judgment, the Defendants filed a "Motion to Set Aside Default Judgment" [sic]. They alleged "good cause" and the existence of meritorious defenses. In their accompanying memorandum, they asserted that under Fed. R. Civ. P. 55(c), this Court could set aside the entry of a default for good cause, citing In re Warner, 247 B.R. 24, 26

4

(B.A.P. 1st Cir. 2000).[2] The Defendants also cited <u>Zeitler v. Zeitler (In re Zeitler)</u>, 221 B.R. 934 (B.A.P. 1st Cir. 1998), in which the United States Bankruptcy Appellate Panel for the First Circuit noted "judicial disfavor for the entry of default judgment and a preference for disposing of cases on the merits." <u>Id.</u> at 937.

In support of the removal of the defaults, the Defendants conceded that they received the summons and Complaint. They stated, however, that they "lacked a full comprehension of how a case in Bankruptcy Court affected them," adding that they "did not consult with an attorney and did not understand the importance of them filing an answer and attending Court proceedings." They admit that they only consulted an attorney when they received notice of the default judgments.

---

[2] The <u>Warner</u> panel stated:

In its memorandum decision, the bankruptcy court articulated the proper criteria to consider in making a determination as to whether a defendant is entitled to have *a default removed*. The trial court must consider the "good cause" factors of Federal Rule of Civil Procedure 55(c), as incorporated by Federal Rule of Bankruptcy Procedure 7055(c). <u>General Contracting & Trading Co., L.L.C. v. Interpole, Inc.</u>, 899 F.2d 109, 112 (1st Cir.1990); <u>In re CRS Steam, Inc.</u>, 233 B.R. at 904 (citations omitted). The bankruptcy judge must consider whether the defendant's failure to appear was willful; whether setting aside the default would prejudice the plaintiff; and weigh the merits of the defense. <u>Coon v. Grenier</u>, 867 F.2d 73, 75-76 (1st Cir.1989); <u>In re CRS Steam, Inc.</u>, 233 B.R. at 905 (citations omitted). The bankruptcy court may also appropriately consider the explanation offered for the default; the good faith of the parties; the amount of money involved and the timing of the motion seeking relief from the default. <u>Coon</u>, 867 F.2d at 76; <u>In re CRS Steam, Inc.</u>, 233 B.R. at 905.

<u>In re Warner</u>, 247 B.R. at 26 ( emphasis supplied).

Citing Bailey v. Hako-Med USA, Inc. (In re Bailey), 411 B.R. 492 (Bankr. S.D. Ga. 2009), a case in which default judgments had not yet entered, the Defendants also argued that the Trustee would not be prejudiced if the defaults were set aside and that mere delay is insufficient, as "'prejudice is shown where evidence has been lost, destroyed, or will be more difficult to obtain, or where plaintiff's costs will increase to an unfair degree as a result of setting aside the default.'" Id. at 495 (citing Washington v. Rogers, 2007 WL 1732575, at *2 (S.D. Ga. June 14, 2007) (citations omitted)). They also referenced the "staggering amount of the judgment against the Defendant."

The Defendants, however, did not set forth the nature of their alleged meritorious defenses within any specificity and did not support them with any affidavits or other pertinent materials. They also did not address the standard under Fed. R. Civ. P. 60(b) applicable to relief from judgments. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).").

The Trustee filed an Objection to the Defendants' Motion. The Trustee recited a chronology of events establishing that Kelvin Sanders contacted him about an order authorizing a 2004 examination of Iris Sanders and about the Complaint. According to the Trustee, Mr. Sanders was advised to obtain counsel on multiple occasions. Additionally, the Trustee correctly argued that setting aside the default judgment is governed by Fed. R. Civ. P. 60(b), made applicable to this proceeding by Fed. R. Bankr. P. 9024, and not the good cause standard for removing defaults under Fed. R. Civ. P. 55(c).

6

### III. DISCUSSION

A. <u>Applicable Law</u>

As noted above, under Fed. R. Civ. P. 55(c) setting aside the entry of a default is governed by a "good cause" standard, while setting aside default judgments is governed by Fed. R. Civ. P. 60(b). Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Fed. R. Civ. P. 60 applicable to cases under the Bankruptcy Code, subject to certain exceptions not relevant to the instant adversary proceeding. Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final judgment*, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis supplied). Rule 60(b) expressly is applicable to the instant matter pursuant to Fed. R. Civ. P. 55(c). Moreover, the defaulting party has the burden of proving that the default judgment should be set aside. <u>Wallace v. Saffa (In re Wallace)</u>, 298 B.R. 435, 440 (B.A.P. 10th Cir. 2003) (citing <u>Nikwei v. Ross School of Aviation, Inc.</u>, 822 F.2d 939, 941 (10th Cir.1987)).

This Court recently examined the contours of Rule 60(b) in RBSF, LLC v. Franklin (In re Franklin), __ B.R. __, 2011 WL 917744 (Bankr. D. Mass. March 15, 2011). This Court observed that the United States Court of Appeals for the First Circuit, in the context of a motion to vacate a default judgment, stated that Rule 60(b)(6), "is a catch-all provision" and "[t]he decision to grant or deny such relief is inherently equitable in nature." 2011 WL 917744 at *8 (citing Ungar v. The Palestine Liberation Organization, 599 F.3d 79, 83 (1st Cir. 2010); United States v. One Star Class Sloop Sailboat, 458 F.3d 16, 25-26 & n. 10 (1st Cir. 2006); and Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 19-20 (1st Cir. 1992)). According to the First Circuit, however, "it is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." Teamsters, 953 F.2d at 20. Additionally,

> A variety of factors can help an inquiring court to strike the requisite balance. Such factors include the timing of the request for relief, the extent of any prejudice to the opposing party, the existence or non-existence of meritorious claims of defense, and the presence or absence of exceptional circumstances. This compendium is neither exclusive nor rigidly applied. Id. Rather, the listed factors are incorporated into a holistic appraisal of the circumstances. In a particular case, that appraisal may-or may not-justify the extraordinary remedy of vacatur.

Ungar, 599 F.3d at 83-84 (footnote omitted, citations omitted). Thus, the contours of a motion for reconsideration, determination of which is reviewed for abuse of discretion, is "peculiarly malleable" and "hard-and-fast rules generally are not compatible with Rule

60(b)(6) determinations." Id. at 84 (citations omitted).

    B. Analysis

The Court finds that the Defendants in their Motion to Set Aside Default Judgment failed not only to articulate the proper standard for removing the default judgments but to convince this Court that the removal of the default judgments would not be an empty exercise. Although the Defendants state that the "Defendants will present documentary evidence that these transfers were not completed to hinder, delay, or defraud the Debtor's creditors," they did not support their conclusory statement with affidavits or address the other counts of the Complaint in which the Trustee alleged constructively fraudulent transfers. Additionally, the arguments made by their counsel at the hearing were aimed at the amount of the judgments, not whether judgments should have entered in the first place. As the United States Bankruptcy Appellate Panel for the Tenth Circuit recognized in In re Wallace:

> A meritorious defense is one that is "presented and presented in a timely enough fashion to permit the opposing party to question the legal sufficiency of the defense." Olson v. Stone (In re Stone), 588 F.2d 1316, 1319 (10th Cir.1978). Factual allegations supporting a meritorious defense must be submitted to the court in a written motion, a proposed answer, or attached affidavits. Id. at 1319–20; see also Fidelity State Bank v. Oles, 130 B.R. 578, 586 (D. Kan.1991) (finding that "[t]o meet this step, the movant need only allege a version of the facts which, if true, would constitute a defense to the action."). Oral testimony for the purpose of clarifying the written submissions may also be considered, but the admission of oral testimony is within the bankruptcy court's discretion. Olson, 588 F.2d at 1320–21.

In re Wallace, 298 B.R. at 441. Applying this test, the Court finds that arguments of the Defendants' counsel at the hearing failed to constitute a coherent or meaningful defense

9

to the Trustee's claims. The Defendants failed to present meritorious defenses to the Trustee's multiple counts against them.

Although the Defendants filed their Motion to Set Aside the Default Judgment within one week of the Court's entry of separate and final judgments against them, the Defendants ignored the Trustee's Complaint for over three months beginning with their failure to object to the Trustee's Motion for Approval of Attachments of Real Estate in September of 2010. While prejudice to the Trustee would not be unduly burdensome, the delay occasioned by the Defendants' disregard for the rules of civil procedure undoubtedly would cause delay in the administration of the Debtor's bankruptcy case and distributions to creditors if the Court were to sanction the Defendants' conduct and ignore the failure to present meritorious defenses. The Defendants' alleged ignorance of the rules and the legal consequences of ignoring them, however, is not a legitimate excuse for their failure to comply with procedural rules. *See* In re Wallace, 298 B.R. at 440.

The Defendants intimate that the amount of the judgments against them constitute an exceptional circumstance. The Court disagrees under the circumstances present in this case. The amount of the judgments sought by the Trustee should have induced the Defendants to heed the advice of the Trustee to obtain counsel sooner, rather than later. *See* C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1206 (7th Cir. 1984).[3]

---

[3] In C.K.S. Engineers, Inc., the court stated:

We recognize that under some circumstances the amount of money at stake might be a legitimate factor for a court to consider on a motion to vacate a default judgment, since relief under rule 60(b) is essentially

As the Seventh Circuit Court of Appeals observed:

> Our review of these cases leads us to conclude that rule 60(b) is applied liberally in the default judgment context only in the exceptional circumstance where the events contributing to the default judgment have not been within the meaningful control of the defaulting party, or its attorney. Although a default judgment is a harsh sanction and the law does favor trials on the merits, these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants. Accordingly, the decisions of this circuit reflect the notion that the district court must have the default judgment readily available within its arsenal of sanctions "in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not." Stevens v. Greyhound Lines, Inc., 710 F.2d 1224, 1230 (7th Cir.1983). In order for the default judgment to be an effective deterrent against irresponsible conduct in litigation, relief from a default judgment under rule 60(b) must be perceived as an exceptional remedy.

726 F.3d at 1206. This Court concludes that the Defendants acted willfully in ignoring the summons and Complaint and the various motions served upon them. They neither

---

> equitable in nature and is to be administered upon equitable principles. De Vito v. Fidelity and Deposit Company of Maryland, 361 F.2d 936, 939 (7th Cir.1966). Yet, again, this factor is not enough for us to overturn the district court's decision in the absence of a good excuse for the default.
>
> The significant amount of money at stake makes it more difficult to understand how the appellants could allow the default to occur. From our vantage point, it is impossible to know for certain why they did let it occur. The district court judge, who actually was involved in the events leading up to the default and who had a chance to observe both Riddle and Craig as they testified in court, concluded that the appellants simply had a lack of regard for the rules and procedures of the court. We have no reason to dispute this conclusion; the appellants have not demonstrated the kind of diligence and interest in their case that might give us grounds to overrule the district court.

726 F.2d at 1208-09.

established meritorious defenses nor set forth exceptional circumstances warranting relief from the judgments entered against them.

## IV. CONCLUSION

In accordance with the foregoing, the Court shall enter an order denying the Defendants' Motion to Set Aside Default Judgment.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: April 22, 2011