UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**TARIQ MUHAMMAD,**                                Chapter 7
    Debtor                     Case No. 09-10136-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**JOSEPH BRAUNSTEIN,**
**CHAPTER 7 TRUSTEE,**
v.                                                 Adv. P. No. 10-1258
**KELVIN SANDERS, INDIVIDUALLY and**
**D/B/A PYRAMID INVESTMENT GROUP;**
**IRIS SANDERS; SUNI MUHAMMAD, D/B/A**
**PRESTIGE REALTY, LLC; SUNI MUHAMMAD,**
**D/B/A PHOENIX STRATEGIC INVESTMENTS, LLC;**
**PRESTIGE REALTY, LLC and PHOENIX**
**STRATEGIC INVESTMENTS, LLC**,
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

**I. INTRODUCTION**

The matter before the Court is "Defendants Kelvin and Iris Sanders' Motion to Alter or Amend Judgment." The Defendants state in their Motion that they are seeking reconsideration of this Court's order dated April 22, 2011 pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e). In their Memorandum of Law accompanying their Motion, the Defendants request the Court "to alter, amend, or reconsider" its order of April 22, 2011, denying "Defendants Kelvin and Iris Sanders' Motion to Set Aside Default Judgment." The

1

Plaintiff, Joseph Braunstein, the Chapter 7 Trustee of the Estate of Tariq Muhammad (the "Trustee"), filed an Objection to the Motion. For the reasons set forth below, the Court denies the Motion to Alter or Amend Judgment.

## II. BACKGROUND

The Court incorporates by reference its decision dated April 22, 2011. *See* <u>Braunstein v. Sanders (In re Muhammad)</u>, No. 10-1258, 2011 WL 1587125 (Bankr. D. Mass. April 26, 2011).[1]

## III. DISCUSSION

A. <u>Motions to Alter and Amend Judgments</u>

Taking the caption of the Defendants' Motion at face value, the Motion is untimely. Fed. R. Bank. P. 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of the judgment." Federal Rule of Civil Procedure 59(e), made applicable to this proceeding by Fed. R. Bankr. P. 9023, sets forth a longer period of time. It provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Federal Rule of Bankruptcy Procedure 9006(b)(1)(2) provides that "[t]he court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024."

On January 3, 2011, this Court entered a "Separate and Final Judgment as to Kelvin Sanders, Individually and D/B/A Pyramid Investment Group, and Iris Sanders." The

---

[1] The Court's Memorandum and Order are dated April 22, 2011. The clerk entered the Memorandum and Order on the docket on April 26, 2011.

2

Defendants filed the instant motion on May 6, 2011 over four months after the Court entered judgment against them. Accordingly, this Court is without authority to alter or amend that judgment pursuant to Fed. R. Civ. P. 59(e). Fisher v. Kadant, Inc., 589 F.3d 505, 511 (1st Cir. 2009) ("An untimely motion under Rule 59(e) is a nullity.").

Despite the unambiguous language of Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e), the Defendants argue that "[u]nder Fed. R. Civ. P. 59(e), a motion for reconsideration may be granted so long as the relevant argument was raised prior to the order issued." They rely upon Harris v. HSBC Bank USA, N.A., No. 09-cv-30215-MAP, 2010 WL 3860603 (D. Mass. Sept. 28, 2010). They add: "Granting a motion for reconsideration may be appropriate where there is a manifest error of law or fact, new evidence to be considered or to prevent manifest injustice."

The Defendants' argument makes clear that the Defendants are not really seeking to alter or amend the *judgment*. Rather, they are seeking reconsideration of this Court's order of April 22, 2011, denying their Motion to Set Aside Default Judgment. This is particularly so, as they refer to "the prior order issued," and conveniently ignore the deadline applicable to filing motions to alter or amend judgments. In Harris, the district court stated:

> Under Rule 59(e), a motion for reconsideration should be granted only where the relevant argument was raised *before judgment issued*. Harley Davidson Motor Co., Inc. v. Bank of New England, 897 F.2d 611, 616 (1st Cir. 1990). If a motion for reconsideration is to be allowed, the motion must establish either a "manifest error of law" or present newly discovered evidence. Federal Deposit Ins. Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992).

3

Harris, 2010 WL 3860603 at *3. In view of the decision cited by the Defendants, reconsideration is unwarranted under Rule 59.

    B. The Defendants' Motion to Reconsider the April 22, 2011 Order

The Defendants attempt to transform their Motion to Alter or Amend the Judgment entered on January 3, 2011 into a Motion to Reconsider the order of April 22, 2011. Assuming without deciding that such legerdemain is not improper, the effect of the Defendants' current position is that they must satisfy the applicable legal standard under Fed. R. Bankr. P. 60(b) with respect to the April 22, 2011 order *and* the January 3, 2011 judgment. The Defendants do not recognize this procedural hurdle, however, and, as the Trustee correctly maintains, they are simply reasserting their Motion to Set Aside Default Judgment.

    Citing Ungar v. The Palestine Liberation Organization, 599 F.3d 79 (1st Cir. 2010), this Court observed in its prior decision, that

> A variety of factors can help an inquiring court to strike the requisite balance [between the equitable nature of the relief sought and an empty exercise]. Such factors include the timing of the request for relief, the extent of any prejudice to the opposing party, *the existence or non-existence of meritorious claims of defense*, and the presence or absence of exceptional circumstances. This compendium is neither exclusive nor rigidly applied. Id. [Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 20 (1st Cir.1992)]. Rather, the listed factors are incorporated into a holistic appraisal of the circumstances. In a particular case, that appraisal may-or may not-justify the extraordinary remedy of vacatur.

2011 WL 1587125 at *4 (emphasis added) (citing Ungar, 599 F.3d at 83–84 (footnote omitted, citations omitted)). In denying the Defendants' Motion to Set Aside Default Judgment, this

Court was particularly swayed by the absence of a meritorious defense presented by the Defendants. Although their counsel stated that the Defendants had advanced funds and the Trustee had failed to account for a lien, as the Trustee's counsel correctly observed at the hearing held on March 15, 2011, the Defendants "failed to show that they have a meritorious defense, even based on statements of counsel." Indeed, statements of counsel were all that this Court had before it in support of the Defendants' Motion to Set Aside Default Judgment. This Court ruled that the Defendants failed to establish a meritorious defense, specifically

> one that is "presented and presented in a timely enough fashion to permit the opposing party to question the legal sufficiency of the defense." Olson v. Stone (In re Stone), 588 F.2d 1316, 1319 (10th Cir.1978). Factual allegations supporting a meritorious defense must be submitted to the court in a written motion, a proposed answer, or attached affidavits. Id. at 1319–20; *see also* Fidelity State Bank v. Oles, 130 B.R. 578, 586 (D. Kan.1991) (finding that "[t]o meet this step, the movant need only allege a version of the facts which, if true, would constitute a defense to the action."). Oral testimony for the purpose of clarifying the written submissions may also be considered, but the admission of oral testimony is within the bankruptcy court's discretion. Olson, 588 F.2d at 1320–21.

In re Muhammad, 2011 WL 1587125 at *4 (citing Malloy v. Wallace (In re Wallace), 298 B.R. 435, 441 (B.A.P. 10th Cir. 2003), *aff'd* 99 Fed. Appx. 870 (10th Cir. 2004)).

The Defendants continue to rely on the statements of their counsel at the March 15, 2011 hearing. Indeed, they argue that "it was within the Court's discretion to consider the oral testimony" of Defendant's counsel. Of course, counsel to the Defendants did not testify at the nonevidentiary hearing conducted on March 15, 2011 as he was not sworn as a witness. Argument of counsel is not evidence, *see* Fed. R. Bankr. P. 9017, Fed. R. Evid.

602. Even if he were to have been sworn, it is likely his testimony would be inadmissible. *See generally* Mass. R. Prof. C. 3.7 The arguments made by Defendants' counsel are not a substitute for a cogent and comprehensive defense of all the counts in the Trustee's Complaint supported by the affidavits of the Defendants. The Defendants' attorney's statements are insufficient to create a meritorius defense with respect to the Trustee's Complaint as references to a check given by Kelvin Sanders to the Debtor and a $120,000 mortgage from the Debtor to Kelvin Sanders do not establish, without more information, that reasonably equivalent value was exchanged for the transfer. Notably, the Defendants chose not to submit sworn affidavits explaining the substance of the transactions, despite the references to such evidence in the Court's April 22, 2011 decision.

The Defendants' present motion falls squarely within the ambit of In re Wedgestone Fin., 142 B.R. 7 (Bankr. D. Mass. 1992). In that decision, the court stated:

> A motion for reconsideration is not a means by which parties can rehash previously made arguments. In re Grand Builders, Inc., 122 B.R. 673, 675 (Bankr. W.D. Pa.1990). As one court aptly stated:
>
>> As busy as this court is, it nonetheless is required to review the evidence and the applicable law and to render a sound decision the first time that a matter is brought before it. The court does not have the luxury of treating its first decision as a dress rehearsal for the next time. The court is required to 'get it right' the first time.
>>
>> No less is expected of counsel. *Initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter.* Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support it [sic] position. Arguments which counsel did not present the first time or which counsel elects to hold in

6

> abeyance until the next time will not be considered. Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time.
>
> In re Armstrong Store Fixtures Corp., 139 B.R. 347, 350 (Bankr. W.D. Penn. 1992).

In re Wedgestone Fin., 142 B.R. at 8 (emphasis added). The court added that the moving party must show newly discovered evidence or a manifest error of fact or law. Id. The Defendants have established neither the existence of *newly* discovered evidence nor a manifest error of fact or law.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the Defendants' Motion to Alter or Amend Judgment. The arguments advanced in the Motion are those that could have and should have been made in the Motion to Set Aside Default Judgment.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: June 7, 2011